

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILHELMSEN SHIPS SERVICE LTD. –
MOMBASA,

        Plaintiff,    09 CV

-v-

        **VERIFIED COMPLAINT**

WS MARITIME SDN BHD a/k/a WS MARITIME
SENDIRIAN BERHAD, WOOD STAR JAYA
SENDIRIAN BERHAD, and KARYA CITRA
DANAU KALIMANTAN,
        Defendants.
------------------------------------------------------------x

'09 CIV 8091

  Plaintiff, WILHELMSEN SHIPS SERVICES LTD. - MOMBASA (hereinafter "WILHELMSEN"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendants, WS MARITIME SDN BHD a/k/a WS MARITIME SENDIRIAN BERHAD (hereinafter "WS MARITIME") WOOD STAR JAYA SENDIRIAN BERHAD (hereinafter "WOOD STAR") and KARYA CITRA DANAU KALIMANTAN (hereinafter "KARYA"), alleges upon information and belief as follows:

### JURISDICTION

1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

### THE PARTIES

2. At all times material hereto, Plaintiff, WILHELMSEN, was and still is a foreign business entity, with a principal place of business at Bawazir House, Nyerere Avenue, Mombasa, Kenya.

3. At all times material hereto, Defendant, WS MARITIME, was and still is a foreign business entity, with a principal place of business at 15, Jalan 16/11, Petaling Jaya, Malaysia.

4. At all times material hereto, Defendant, WOOD STAR, was and still is a foreign business entity, with a principal place of business at: Suite 111, Block B, Pusat Perdagangan, 46350, Petaling Jaya, Malaysia.

5. At all times material hereto, Defendant, KARYA, was and still is a foreign business entity, with a principal place of business at: 12 A, Jalan Cengken, Jakara Indonesia.

## FACTS AND CLAIM

6. Plaintiff, WILHELMSEN, was requested by Defendant, WS MARITIME, to provide, and did provide, vessel husbanding and agency services for the M/V SURYA TAMA, owned by Defendant, KARYA, and managed by Defendant WOOD STAR, at the Port of Mombasa, Kenya.

7. In furtherance of the parties' agreement, Plaintiff was requested to, and did, obtain and provide various necessary goods and services for the operation of the aforesaid vessel, which included, but is not limited to: providing bunkering, fresh water supply, and handling port charges and terminal expenses.

8. Plaintiff, WILHELMSEN, invoiced Defendants for the above necessary maritime services, however, Defendants failed, neglected and/or otherwise refused to pay Plaintiff the full amount due and owing to it for the costs it has incurred.

9. The outstanding amount due from Defendants, for necessary maritime services rendered on the above referenced vessel, totals the sum of US$ 96,904.13, plus interest. *A copy of the Plaintiff's Statement of Account for the M/V SURYA TAMA is attached hereto as Exhibit 1.*

10. WILHELMSEN has demanded payment from Defendants, but Defendants, in violation of their obligations under the terms and conditions of the agency agreements, have refused or have otherwise failed to pay the outstanding marine agency balances undisputedly due and owing.

11. This action is brought in order to obtain security and to prosecute Plaintiff's claims as against Defendants.

12. Plaintiff WILHELMSEN intends to refer the dispute to the local South Africa court if it does not timely receive the amounts due and owing to it from Defendants. As best as can now be estimated, Plaintiff expects to recover the following amounts in the South Africa proceedings from Defendants:

| | | |
|---|---|---|
| A. | Principal claim: | *$96,904.13* |
| B. | Estimated interest on Principal claim:<br>3 years at 7.5%, compounded quarterly | *$24,198.55* |
| | **Total Claim** | **$121,102.68** |

## FIRST CAUSE OF ACTION

### *Breach of Contract*

13. Plaintiff WILHELMSEN repeats and realleges each and every allegation set forth in paragraphs one (1) through twelve (12) as if set forth herein at length.

14. At the request of Defendants, Plaintiff WILHELMSEN undertook to provide necessary maritime services to Defendants' vessel.

15. In advance of doing so, WILHELMSEN and Defendants agreed that WILHELMSEN would issue invoices and be compensated for the services provided.

16. WILHELMSEN provided the agreed upon services to Defendants' vessel and provided regular invoices for the services rendered during said period.

17. Defendants have received the benefit of Plaintiff's services; have received the invoices presented without objection, yet have failed to pay Plaintiff all compensation due and owing despite demand for same.

18. Despite repeated requests for payment by WILHELMSEN and promises of payment by Defendants, Defendants have neglected, failed, and otherwise refused to pay for the services rendered by WILHELMSEN.

19. As such, Plaintiff seeks damages of USD 96,904.13, plus interest estimated to be no less than USD 24,198.55.

20. Accordingly, Plaintiff seeks recovery of damages in an amount not less than USD 121,102.68.

## SECOND CAUSE OF ACTION

### *Account Stated*

21. Plaintiff WILHELMSEN repeats and realleges each and every allegation set forth in paragraphs one (1) through twenty (20) as if set forth herein at length.

22. WILHELMSEN has invoiced Defendants for the outstanding balance of USD 96,904.13.

23. Defendants have retained the invoices received from WILHELMSEN without objection. More than a reasonable time period has elapsed.

24. As such, WILHELMSEN respectfully requests that it should be entitled to a judgment for the amount of USD 96,904.13, plus interest estimated to be no less than USD 24,198.55.

## THIRD CAUSE OF ACTION

### *Unjust Enrichment / Quantum Meruit*

25. Plaintiff WILHELMSEN repeats and realleges each and every allegation set forth in paragraphs one (1) through twenty-four (24) as if set forth herein at length.

26. WILHELMSEN was requested to provide necessary maritime services by Defendants, and did provide such services for the benefit of Defendants.

27. Despite repeated demands for payment for same, no payments have been received by WILHELMSEN.

28. Defendants have inequitably benefited from their neglect, failure and/or refusal to pay WILHELMSEN the USD 96,904.13 worth of services WILHELMSEN provided at the request of, and for the benefit, of Defendants.

29. Defendants have unjustly received and retained the benefit of the services rendered by WILHELMSEN.

30. Equity and good conscience require Defendants to pay WILHELMSEN USD 96,904.13, plus interest estimated to be no less than USD 24,198.55, for the services it provided, which WILHELMSEN has incurred and sustained at the request of, and for the benefit of, Defendants.

31. Accordingly, Plaintiff WILHELMSEN demands judgment against Defendants in the amount of USD 121,102.68 for Defendants' unjust enrichment.

## BASIS FOR ATTACHMENT

32.  Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

33.  Defendants are continuously engaged in international shipping and conducts business in U.S. Dollars. Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City. Dollars are the *lingua franca* of international commerce.

34.  All international U.S. dollar transfers are processed by intermediary banks in the United States, mainly in New York City. The Clearing House Interbank Payment System represents that it processes 95% of those transfers.

35.  Plaintiff believes that some of these assets, to wit: bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Societe Generale, Standard Chartered Bank, UBS AG, U.S.

Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

    A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

    B.    That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos (*attached hereto as Exhibit 2*), and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of **USD 121,102.68** to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

    C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       September 22, 2009

                                CHALOS & CO, P.C.
                                Attorneys for Plaintiff
                                WILHELMSEN SHIPS SERVICE LTD. –
                                MOMBASA

By:               _____
                                George M. Chalos (GC-8693)
                                123 South Street
                                Oyster Bay, New York 11771
                                Tel: (516) 714-4300
                                Fax: (516) 750-9051
                                Email: gmc@chaloslaw.com

# EXHIBIT 1

| STATEMENT OF ACCOUNT - MV SURYATAMA | |
|---|---|
| ETA MOMBASA - BERTH | 25-Feb-2008 |
| ETA MOMBASA - BUOYS | 20-Jan-2009 |
| ETD MOMBASA - BUOYS | 31-Aug-2009 |

| | DESCRIPTION | Amount | |
|---|---|---|---|
| AA | SERVICES RENDERED | | |
| 1 | BALANCE C/F - LAST SHEET | $ | 142,390.45 |
| 2 | CASH TO MASTER - 18/11/2008 | $ | 9,500.00 |
| 3 | AGENCY FEES - REPAIR USD 50/DAY - ALL IN. | $ | 11,150.00 |
| 4 | BUNKERS - 10 MT MGO {11/11/2008} | $ | 10,200.00 |
| 5 | BUNKERS - 15 MT MGO {20/11/2008} | $ | 14,950.00 |
| 6 | CASH TO MASTER - 20/11/2008 | $ | 1,500.00 |
| 7 | FRESH WATER 300MT {23/12/2008} | $ | 2,550.00 |
| 8 | BUNKERS - 10 MT MGO {20/12/2008} | $ | 8,650.00 |
| 9 | BUNKERS - 10 MT MGO {05/01/2009} | $ | 8,550.00 |
| 10 | BUNKERS - 20 MT MGO {28/01/2009} | $ | 14,100.00 |
| 11 | FRESH WATER 100MT {02/02/2009} | $ | 850.00 |
| 12 | FRESH WATER 100MT {20/03/2009} | $ | 850.00 |
| 13 | BOAT HIRE | $ | 11,150.00 |
| 14 | WATCHMEN | $ | 22,300.00 |
| 15 | DOCTOR ATTENDING SICK CREW | $ | 500.00 |
| 16 | FRESH WATER SUPPLY 50mt | $ | 425.00 |
| 17 | BUNKERS SUPPLY | $ | 11,600.00 |
| 18 | FRESH WATER SUPPLY 100mt | $ | 850.00 |
| 19 | AIR TICKETS - 2 CREW MEMBERS {10/05/09} | $ | 1,600.00 |
| 20 | CREW HANDLING - INC. VISA / VACC. BOOKS NBO | $ | 315.00 |
| 21 | AIR TICKETS - 7 CREW MEMBERS- 05th & 06 June 09 | $ | 7,000.00 |
| 22 | MANAGEMENT FEE {MISCELLANOUS} | $ | 12,639.28 |
| | TOTAL | $ | 293,619.73 |
| BB | PORT CHARGES | | |
| 1 | ANCHORAGE | $ | 53,222.40 |
| 2 | IN/ OUT MOVEMENT C/o EXPRESS SHIPPING | $ | 5,000.00 |
| | TOTAL | $ | 58,222.40 |
| CC | FUNDS RECEIVED | | |
| 1 | CASH RECEIVED ON 12/11/2008 | $ | 10,974.00 |
| 2 | CASH RECEIVED ON 12/11/2008 | $ | 19,705.00 |
| 3 | CASH RECEIVED ON 23/01/2009 | $ | 14,100.00 |
| 4 | CASH RECEIVED ON 06/02/2009 | $ | 5,000.00 |
| 5 | CASH RECEIVED ON 11/03/2009 | $ | 6,700.00 |
| 6 | CASH RECEIVED ON 26/03/2009 | $ | 29,974.00 |
| 7 | CASH RECEIVED ON 08/05/2009 | $ | 20,000.00 |
| 8 | CASH RECEIVED ON 13/05/2009 {STURROCK} | $ | 4,500.00 |
| 9 | CASH RECEIVED ON 21/05/2009 | $ | 20,000.00 |
| 10 | CASH RECEIVED ON 25/06/2009 | $ | 13,985.00 |
| 11 | CASH RECEIVED ON 20/07/2009 | $ | 110,000.00 |
| | TOTAL FUNDS RECEIVED | $ | 254,938.00 |
| | TOTAL BALANCE FUNDS | $ | 96,904.13 |

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WILHELMSEN SHIPS SERVICE LTD. –
MOMBASA,

                Plaintiff,        09 CV

-v-

                      **ATTORNEY'S
                      DECLARATION THAT
                      DEFENDANTS CANNOT
                      BE FOUND IN THE**
WS MARITIME SDN BHD a/k/a WS MARITIME  **DISTRICT**
SENDIRIAN BERHAD, WOOD STAR JAYA
SENDIRIAN BERHAD, and KARYA CITRA
DANAU KALIMANTAN,
                Defendants.
------------------------------------------------------------------x

       This declaration is executed by **George M. Chalos, Esq.**, counsel for the Plaintiff, WILHELMSEN SHIPS SERVICE LTD. – MOMBASA, in order to secure the issuance of a Summons and Process of Maritime Attachment and Garnishment in the above-entitled, in personam, Admiralty cause.

       Pursuant to 28 U.S.C. §1746, **George M. Chalos, Esq.**, declares under the penalty of perjury:

       I am a Member of the firm of Chalos & CO, P.C., attorneys for Plaintiff in the above referenced matter.

       I am familiar with the circumstances of the Verified Complaint, and I submit this declaration in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of the defendants, WS MARITIME SDN BHD a/k/a WS MARITIME SENDIRIAN BERHAD, WOOD STAR JAYA SENDIRIAN BERHAD, and KARYA CITRA DANAU KALIMANTAN, pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

I have personally inquired or have directed inquiries into the presence of the defendants in this District.

I have personally checked with the office of the Secretary of State of the State of New York, using the Secretary of State's Division of Corporations database, and I have determined that, as of September 22, 2009, the defendants are not incorporated pursuant to the laws of New York, and have not nominated any agent for the service of process within the Southern District of New York.

I have inquired of Verizon Telephone Company whether the defendants can be located within this District. The Verizon Telephone Company has advised me that the defendants do not have any telephone number listings within this District.
I have further consulted with several other telephone directories on the internet, and I have found no separate telephone listings or addresses for the defendants within this District.

I have engaged in a Google search as to whether the defendants can be located within this District. The Google search results did not provide any information that defendants are found in this District.

I am unaware of any general or managing agent(s) within this District for the defendants.

In that I have been able to determine that the defendants have not appointed an agent for service of process within the Southern District of New York and that I have found no indication that the defendants can be found within this District for the purposes

of Rule B, I have formed a good faith belief that the defendants do not have sufficient contacts or business activities within this District and do not have any offices or agents within this District to defeat maritime attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims as set forth in the Federal Rules of Civil Procedure.

It is my belief, based upon my own investigation that the defendants cannot be found within this District for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Dated: Oyster Bay, New York
September 22, 2009

        Chalos & CO, P.C.
        Attorneys for Plaintiff
        WILHELMSEN SHIPS SERVICE LTD. – MOMBASA

By: _____
George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (866) 702-4577
Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
WILHELMSEN SHIPS SERVICE LTD. –
MOMBASA,

                     Plaintiff,                            09 CV

-v-

                                                        **VERIFICATION OF**
                                                        **COMPLAINT**

WS MARITIME SDN BHD a/k/a WS MARITIME
SENDIRIAN BERHAD, WOOD STAR JAYA
SENDIRIAN BERHAD, and KARYA CITRA
DANAU KALIMANTAN,

                     Defendants.
-------------------------------------------------------------------x

        Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

        1.       I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, WILHELMSEN SHIPS SERVICE LTD. – MOMBASA, herein;

        2.       I have read the foregoing Verified Complaint and know the contents thereof; and

        3.       I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

        4.       The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

        I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Oyster Bay, New York
           September 22, 2009

                                            CHALOS & CO, P.C.
                                            Attorneys for Plaintiff
                                            WILHELMSEN SHIPS SERVICE LTD. – MOMBASA

                         By:   _____
                                            George M. Chalos (GC-8693)
                                            123 South Street
                                            Oyster Bay, New York 11771
                                            Tel: (516) 714-4300
                                            Fax: (516) 750-9051
                                            Email: gmc@chaloslaw.com

Chalos & Co. Ref: 2001.043